UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE PEARSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JAY PEHRSON, *et al.*,<br><br>    Defendants. | Case No. 1:12-cv-01401-RRB<br><br>**DISMISSAL ORDER** |

Plaintiff Gary Lee Pearson, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1942.[1] Pearson is incarcerated at the California State Prison, Corcoran.

**I.  SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

---

[1]  In addition to Pehrson, Pearson names as Defendants Richard Rosenthal, Tamme Campbell, Eric Henry, Connie Gipson, Mary Kimbrell, and Javier Cavazos.

[2]  28 U.S.C. § 1915A(a).

"seeks monetary relief against a defendant who is immune from such relief."[3]  Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

---

[3]     28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[5]     *See Booth v. Churner*, 532 U.S. 731, 734 (2001).

[6]     Fed. R. Civ. P. 8(a)(2).

[7]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8]     *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.   GRAVAMEN OF COMPLAINT

Another inmate, Anthony Johnson, filed a civil rights complaint, *Pearson v. Clark*, 1:12-cv-00465, forging Pearson's name to the Complaint.[13] At the request of Pearson, that action was voluntarily dismissed. Pearson then embarked upon an unsuccessful Quixotic quest seeking to have the prison officials investigate and discipline the inmate who filed the forged complaint. Pearson asserts that, collectively or individually, the Defendants : (1) improperly allowed Johnson to file the forged complaint; (2) denied his attempts to redress his grievances *vis-a-vis* the false complaint filed by Johnson on fictitious bases; and (3) lost

---

[9]   *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]   *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]   *Id*.

[12]   *Id*. (quoting *Twombly*, 550 U.S. at 555).

[13]   This Court takes judicial notice of that action. Fed. R. Evid. 201.

or otherwise interfered with the processing of a CDC 602 Inmate Appeals Form concerning a medical claim as a prerequisite to filing a civil rights action.

Pearson asserts three claims in that Defendants:  (1) knowingly and wilfully failed to prevent the filing of the false complaint; (2)  deprived him due process; and (3) conspired to obstruct justice and deprive him of access to the courts.  Pearson seeks a declaration that the Defendants violated his civil rights, injunctive relief compelling a new investigation, compensatory and punitive damages.

## III.   DISCUSSION

To the extent that Pearson is challenging the failure of prison officials to discipline Johnson, there is no authority to support a determination that failure somehow violates a constitutional right.  Put another way, there is no authority for the proposition that a prison inmate has any constitutionally protected interest cognizable under § 1983 to force prison official to discipline another inmate.

The claim that prison officials failed to properly process his internal grievances *vis-a-vis* his claim that he is being denied proper medical care stands on somewhat different footing.  The right of access to the courts is a well established fundamental constitutional right.[14]  It is, however, also well established that there must be some injury and that requirement is not satisfied by just any type of frustrated legal claim.[15]  Although it is not

---

[14]   *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977).

[15]   *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

entirely clear from the Complaint, Pearson appears to fear that the actions of the prison officials in allegedly improperly processing his medical claim grievances will somehow preclude him from filing a civil rights complaint to redress an Eighth Amendment deliberate indifference claim against whomever may otherwise be responsible.  The appropriate remedy in this case is to respond to any contention that Pearson has failed to properly exhaust his administrative remedies in any future action may bring seeking relief on that basis.[16]  At this point, because any claim that the acts of the Defendants, or any of them, will interfere with Pearson's ability to seek appropriate judicial redress for his medical problems is entirely speculative, i.e., Pearson has not shown any harm.[17]

IV.     ORDER

**IT IS THEREFORE ORDERED THAT** the Complaint is hereby **DISMISSED**, without prejudice to Pearson raising the issues concerning the processing of his internal grievances alleging a denial of proper medical care as excusing exhaustion of administrative remedies in any action he may bring against the appropriate officials.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 13th day of May, 2013.

                                    S/RALPH R. BEISTLINE
                                    UNITED STATES DISTRICT JUDGE

---

[16]     The records of this Court do not indicate that Pearson has brought any such action.

[17]     *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992).