UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE PEARSON,<br><br>      Plaintiff,<br><br>vs.<br><br>JAY PEHRSON, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-01401-RRB<br><br>**ORDER RE MOTIONS<br>AT DOCKETS 15, 16,<br>AND 17 and REVOKING<br>*IN FORMA PAUPERIS*** |

      Plaintiff Gary Lee Pearson, a state prisoner appearing *pro se* and *in forma pauperis*, has pending before this Court three post-judgment motions. At Docket 15 Pearson filed a Motion to Alter, Set Aside, or Vacate Judgment under Rule 59(e). At Docket 16 Pearson filed a Motion to Extend the Time to Appeal. At Docket 17 Pearson filed a Motion for Leave to File an Amended Complaint. Pearson also filed a Notice of Appeal at Docket 18.

      This Court entered its Dismissal Order and Judgment on May 13, 2013. According to Pearson, he timely filed a Motion to Amend under Rule 59(e) on June 9, 2013, which was returned to him by the Clerk of the Court without processing.[1] For the purpose of ruling on the pending motions, this Court accepts Pearson's explanation and treats the motion at Docket 15 as timely filed.[2]

---

    [1]      Motion to Extend Time to Appeal [Dkt 16].

    [2]      The Rule 59(e) motion is dated May 29, 2013.

**Rule 59(e) Motion [Docket 15]**

Rule 59 provides two separate types of relief: (1) for a new trial, where there has been a trial either by jury or bench without a jury; or (2) to alter or amend a judgment, which applies to any final judgment, whether or not entered as a result of a trial, *e.g.*, a final judgment entered after a motion to dismiss under Rule 12(b) or grant of summary judgment under Rule 56. The Court may grant relief under Rule 59(e) under limited circumstances: (1) an intervening change of controlling authority; (2) new evidence has surfaced; or (3) the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[3] Pearson's motion raises solely the third ground: the previous disposition was clearly erroneous.

In his current motion, Pearson makes clear that his complaint addresses perceived constitutional violations based upon an alleged failure of the defendants to establish security measures that resulted in a false complaint being filed in Pearson's name, not because Pearson was being denied proper medical care. Pearson's current motion contends that this Court misunderstood who is responsible. The Court disagrees.

In his proposed Amended Complaint, Pearson alleges a grand conspiracy to somehow deprive him of his constitutional rights, i.e., right of free speech, access to the courts, obstruction of justice, and supervisory liability. Assuming *arguendo* that Pearson has properly pleaded a conspiracy, which in itself is doubtful, what he has clearly failed to allege is any

---

[3] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); see generally 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

harm. Specifically, Pearson has not alleged that *as a result of acts of the defendants, or any of them*, his access to the courts has actually been impeded, or for that matter, how any other alleged violation of a constitutional right has resulted in any harm cognizable under § 1983. Indeed, Pearson acknowledges that he has not yet filed any action seeking redress for a failure to provide adequate medical care. In short, as this Court noted in its prior Dismissal Order, Pearson's complaint is premature. Indeed, any claim of harm is speculative.

### Extension of Time to Appeal [Docket 16]

The time to file a notice of appeal is extended during the time that a properly filed motion under Rule 59 is pending, and becomes effective immediately after the court rules on the motion.[4] In this case, because Pearson filed a motion under Rule 59 deemed to be timely, his Notice of Appeal is timely, rendering the request for an extension of time unnecessary.

### Motion to File Amended Complaint [Docket 17]

In general, leave to amend should be "freely given when justice so requires."[5] Because, as discussed above even as proposed to be amended, Pearson's complaint fails to plead a viable cause of action, any amendment is futile.[6]

//

//

---

[4] Fed. R. App. P. 4(a)(4).

[5] Fed. R. Civ. P. 15(a).

[6] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).

ORDER Re Motions at Dockets 15, 16 and 17
*Pearson v. Pehrson, et al*, 1:12-cv-01401-RRB – 3

### *In Forma Pauperis* Status

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, the appeal is frivolous or taken in bad faith.[7]

### ORDER

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. The Motion to Alter, Set Aside, or Vacate Judgment under Rule 59(e) at **Docket 15** is **DENIED**.

2, The Motion to Extend the Time to Appeal at **Docket 16** is **DENIED** as moot.

3. The Motion for Leave to File an Amended Complaint at **Docket 17** is **DENIED**.

4. Plaintiff Gary Lee Pearson's *in forma pauperis* status is hereby **REVOKED**.

**IT IS SO ORDERED** this 27th day of June, 2013.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE

---

[7] 28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).